| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>Thomas S. Hixson, Bar No. 193033<br>thomas.hixson@morganlewis.com<br>Spencer H. Wan, Bar No. 304329<br>spencer.wan@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Tel: +1.415.442.1000<br>Fax: +1.415.442.1001<br><br>ORACLE CORPORATION<br>Dorian Daley, Bar No. 129049<br>dorian.daley@oracle.com<br>Deborah K. Miller, Bar No. 95527<br>deborah.miller@oracle.com<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94065<br>Tel: +1.650.506.4846<br>Fax: +1.650.506.7114<br><br>ORACLE CORPORATION<br>Jeffrey S. Ross, Bar No. 138172<br>jeff.ross@oracle.com<br>10 Van de Graaff Drive<br>Burlington, MA 01803<br>Tel: +1.781.744.0449<br>Fax: +1.781.238.6273<br><br>Attorneys for Plaintiffs<br>ORACLE AMERICA, INC. and ORACLE<br>INTERNATIONAL CORPORATION | LANDAU GOTTFRIED & BERGER LLP<br>PETER M. BRANSTEN (SBN 113352)<br>pbransten@lgbfirm.com<br>RACHEL FRANZOIA (SBN 294652)<br>rfranzoia@lgbfirm.com<br>1901 Harrison St., Suite 1420<br>Oakland, California 94612<br>Telephone: (510) 451-4001<br>Fax: (310) 557-0056<br><br>Attorneys for Defendants BERND<br>APPLEBY, JAMES OLDING, TUSA<br>INC., ERMINE IP, INC., AND ERMINE<br>SERVICES, LLC<br><br>HOPKINS & CARLEY<br>John V. Picone III, SBN 187226<br>jpicone@hopkinscarley.com<br>Jennifer S. Coleman, SBN 213210<br>jcoleman@hopkinscarley.com<br>Monique D. Jewett-Brewster, SBN 217792<br>mjb@hopkinscarley.com<br>A Law Corporation<br>The Letitia Building<br>70 S First Street<br>San Jose, CA 95113-2406<br><br>Attorneys for Defendant<br>TERIX COMPUTER COMPANY, INC. |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation; ORACLE INTERNATIONAL CORPORATION, a California corporation<br><br>Plaintiffs,<br><br>v.<br><br>BERND APPLEBY; JAMES OLDING; TERIX COMPUTER COMPANY, INC., a California corporation; TUSA, INC., a Delaware corporation; ERMINE IP, INC., a Delaware corporation; and ERMINE SERVICES, LLC, a Delaware company; and DOES 1–50,<br><br>Defendants. | Case No.: 3:16-cv-02090-JST<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 3:16-cv-02090-JST

**WHEREAS,** during the course of this action, the parties and certain non-parties may be subject to discovery requests and/or proceedings that seek the disclosure of information that the party or non-party to whom the request is directed considers to be confidential and/or proprietary.

**WHEREAS,** the parties wish to preserve the confidentiality of such information through the use of a Protective Order.

**IT IS THEREFORE HEREBY STIPULATED AND AGREED**, by and between Oracle America, Inc., and Oracle International Corporation (together, "Oracle"); Bernd Appleby ("Appleby"); James Olding ("Olding"); TERiX Computer Company, Inc. ("Terix"); TUSA, Inc. ("TUSA"); Ermine IP, Inc. ("Ermine IP"); Ermine Services, LLC ("Ermine Services"), subject to the approval of the Court, that the following Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information or material produced, given or exchanged by and among the parties and any non-parties to this litigation (including, without limitation, any non-party that seeks to intervene or to object to any of the proceedings in the litigation) in connection with discovery in this litigation.

A.   **Designated Material**

1.   The parties may designate documents produced, testimony given, or any other materials exchanged in connection with this action as "Confidential" or "Attorneys' Eyes Only" under the terms of this Order and Fed. R. Civ. P. 26(c).

2.   "**Confidential**" shall mean all documents and testimony, and all information contained therein, and other information designated as confidential, if such documents or testimony contain trade secrets, proprietary business information, competitively sensitive information, or any other non-public business information, the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients if the material becomes public. Information that is already publicly available may not be designated as "Confidential."

3.   "**Attorneys' Eyes Only**" shall mean all documents and testimony, and all information contained therein, and other information designated as "Attorneys' Eyes Only," if

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 3:16-cv-02090-JST
1

such documents or testimony contain highly sensitive private information, non-public business or financial information, or software code, the disclosure of which would, in the good faith judgment of the party designating the material as "Attorneys' Eyes Only," cause serious and irreparable harm to that party's business or the business of any of that party's customers or clients if the material is disclosed to persons allowed to see Confidential material beyond the persons specified in Section B.2 below.  Documents, testimony, or other material that merely identify or refer to customers do not, without more, meet the criteria for Attorneys' Eyes Only.  The parties anticipate that this designation will be used very sparingly.  Information that is already publicly available may not be designated as "Attorneys' Eyes Only."

4.      **Producing Party**" shall mean the parties to this action and any non-parties producing "Confidential" or "Attorneys' Eyes Only" information in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

5.      **Receiving Party**" shall mean the parties to this action and any non-parties receiving "Confidential" or "Attorneys' Eyes Only" information in connection with depositions, document production, or otherwise.

6.      The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as "Confidential" or "Attorneys' Eyes Only."  If the Receiving Party contends that any document or other material designated as "Confidential" or "Attorneys' Eyes Only" is not entitled to confidential treatment, the Receiving Party shall give written notice to the party who designated the material, specifically identifying the challenged material.  The designating party, by its counsel, shall respond in writing within three (3) business days of receipt of the written request (or within six (6) business days if the designating party is a third party to this litigation), or within such other period of time as may be designated by order of the Court or agreement of the parties. If the designating party refuses to remove the "Confidential" or "Attorneys' Eyes Only" designation, its written response shall state the reasons for this refusal.  If the challenge to the confidential designation is not resolved after a good faith meet and confer, which should take

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 3:16-cv-02090-JST
2

1  place within three (3) business days of the designating party's written response, the party
2  challenging the designation may move before the Court for an order declassifying those
3  documents or materials.  If such a motion is filed, the designating party shall bear the burden of
4  proving that the challenged material is entitled to confidential treatment.  If no such motion is
5  filed, such documents or materials shall continue to be treated as designated by the Producing
6  Party.  If such a motion is filed, the documents or other materials shall be deemed as designated
7  by the Producing Party unless and until the Court rules otherwise.

     **B.**    **Access to Confidential Information**

     1.    Except with the prior written consent of the Producing Party or by Order of the Court, "**Confidential**" information shall not be furnished, shown, or disclosed to any person or entity except to:

    a.    Personnel of Oracle, Terix, TUSA, Ermine IP, Ermine Services involved in the litigation of this matter and who have been advised of their obligations hereunder;

    b.    Outside counsel of record for the parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder; in-house counsel James MacIntyre, General Counsel for TUSA; Jeffrey Ross, Oracle's Managing Counsel; Deborah Miller, Oracle's Assistant General Counsel for Litigation; Colin Farrell, Oracle Corporate Counsel; Dorian Daley, Oracle's General Counsel; and paralegals and legal department administrative personnel who are directly assisting such in-house counsel in the preparation of this action for trial or other proceedings herein, are under the supervision or control of such counsel, and who have been advised

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 3:16-cv-02090-JST
3

|   |   |   |
|---|---|---|
| 1 |   | by such counsel of their obligations hereunder; |
| 2 | c. | Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential information is furnished, shown, or disclosed in accordance with Paragraphs (B)(5) and (6) below; |
| 9 | d. | The Court and court personnel; |
| 10 | e. | An officer before whom a deposition is taken, including stenographic and video reporters and any necessary secretarial, clerical, or other personnel of such officer; |
| 13 | f. | Trial and deposition witnesses; |
| 14 | g. | Any person indicated on the face of a document to be the author, addressee, or a copy recipient of the document; |
| 16 | h. | Vendors with whom counsel of record for the parties to this litigation have contracted for purely clerical functions, such as the copying of documents; |
| 19 | i. | Mock jurors and jury consultants who have been engaged by any party and/or a party's consultant in preparation for trial.  For any jury research, an appropriate screening process must be used to assure that the jury consultant(s) and mock jurors chosen for any mock jury presentation are not current or former officers, directors, employees, or consultants of any party or any direct competitors of any party.  Each jury consultant and/or mock jurors must agree in writing to be bound by this Order by signing and undertaking the form of Exhibit A to this Order; and |
| 28 | j. | Any other person agreed to by the parties. |

Morgan, Lewis &
Bockius LLP
Attorneys Law
San Francisco

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 3:16-cv-02090-JST
4

2. Except with the prior written consent of the Producing Party or by Order of the Court, "**Attorneys' Eyes Only**" information shall not be furnished, shown, or disclosed to any person or entity except to those persons listed above in Paragraph (B)(1) under item (b), item (c) (subject to Paragraph (B)(5) below), item (d), item (e), item (g), item (h), and item (j). Attorneys' Eyes Only information may be furnished, shown, or disclosed to any person or entity listed above under Paragraph (B)(1)(f) if that person or entity is (i) an author, addressee, or a copy recipient of the document, or (ii) a current or former employee, officer, or director of the Producing Party. For any person or entity under Paragraph (B)(1)(f) that is not within the scope of the preceding sentence, Attorneys' Eyes Only information may be furnished, shown, or disclosed to such person or entity only (i) with the prior written consent of the Producing Party or by Court Order, and (ii) after the person or entity has signed Exhibit A attached hereto and agreed to comply with and be bound by its terms.

3. Confidential and Attorneys' Eyes Only information shall be utilized by the Receiving Party and/or its counsel, as applicable, only for purposes of this litigation (including, for example, communications with third parties related to the service of and/or responses to subpoenas) and for no other purposes, unless the Receiving Party independently learned of the Confidential or Attorneys' Eyes Only information. The parties acknowledge that each party respectively may have developed information regarding certain customers independent of any disclosure or production in the litigation. The parties also acknowledge that the salespeople for the respective parties may communicate with customers and potential customers in the ordinary course of their jobs, and that such communications do not, alone, reflect the use of protected information.

5. Before any disclosure of Confidential or Attorneys' Eyes Only information is made to an expert witness or consultant pursuant to Paragraph (B)(1)(c) above, counsel for the Receiving Party shall obtain from the expert, the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Confidential or Attorneys' Eyes Only information may be provided to an expert witness or consultant to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

in the prosecution or defense of this litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any party to or any competitor of any party to this litigation, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential or Attorneys' Eyes Only information solely in connection with this litigation.  Where an expert witness or consultant has employees at the same firm or company working at the direction of the expert witness or consultant, only the expert witness or consultant (and not the other employees) need sign Exhibit A.  However, the employees shall also be bound by the confidentiality obligations in this Order to the same extent the expert witness or consultant is.

      6.      At least five (5) business days prior to providing an expert or expert consultant with any information that has been designated as "Confidential Information" or "Attorneys' Eyes Only" by a Producing Party, counsel must first identify the expert in writing to opposing counsel.  This written identification shall include a current resume or curriculum vitae.  Should the opposing Party or any non-party object to the disclosure of its "Confidential Information" or "Attorneys' Eyes Only" to the designated expert or expert consultant, it shall provide written notice within five (5) business days.  The objecting Party or non-party shall meet and confer with the Party identifying the expert on that objection within two (2) business days of the written objection being served on counsel.  If the meet and confer does not resolve the dispute, the parties agree to expedite the filing of a joint letter with the Court.  The Parties agree that this joint statement will be filed with the Court within two (2) business days of the meet and confer.

      **C.**      **Designation Of Materials**

The designation of materials as "Confidential" or "Attorneys' Eyes Only" for purposes of this Order shall be made in the following manner by any Producing Party:

      1.      In the case of documents or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" or "Attorneys' Eyes Only" to each page containing any Confidential or Attorneys' Eyes Only information, except that in the case of multi-page documents bound together by a staple or other permanent binding, the word(s) "Confidential" or "Attorneys' Eyes Only" need only be stamped on the first page of the document

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 3:16-cv-02090-JST
6

in order for the entire document to be treated as Confidential or Attorneys' Eyes Only; provided that the failure to designate a document as "Confidential" or "Attorneys' Eyes Only" does not constitute a waiver of such claim, and a Producing Party may so designate a document after such document has been produced, with the effect that such document is thereafter subject to the protections of this Order.  For native documents (such as Excel files) or software code, the Producing Party will endorse the designation on a slipsheet in the production.

2. In the case of depositions or other pretrial testimony, by written notice, sent to all parties within ten (10) business days after receiving a copy of the transcript thereof, and by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential or Attorneys' Eyes Only material.  Unless otherwise stated on the record, all depositions and other pretrial testimony shall be deemed to be "Attorneys' Eyes Only" until the expiration of the tenth business day after counsel receives a copy of the transcript thereof, after which time such deposition or pretrial testimony shall be treated in accordance with its designation, if any.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

**D.    Inadvertent Production Of Privileged Materials**

1. If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of such information should not be made to any party is nevertheless inadvertently produced to a party or parties, Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply.

2. The failure of a party at a deposition to challenge the assertion of any privilege, work-product protection, or immunity over any document shall not prejudice the right of such party to challenge the assertion of any such privilege or immunity in accordance with the other procedures described in this paragraph.

**E.    Other Items**

1. If any party intends to file with the Court materials that have been designated as Confidential or Attorneys' Eyes Only, the filing party must comply with Civil Local Rule 79-5.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 3:16-cv-02090-JST
7

1  Prior to any dispositive motion hearings and/or trial in this matter, counsel for the parties shall
2  meet and confer to negotiate a proposal regarding the treatment of Confidential or Attorneys'
3  Eyes Only information proposed to be used at such hearing or trial. Ultimately, the determination
4  of treatment of Confidential or Attorneys' Eyes Only information at such hearing or trial will be
5  determined by the Court.

6        2.  All discovery material produced in *Oracle America, Inc., et al. v. Terix Computer*
7  *Company, Inc., et al.*, Case No. 3:13-cv-03385 JST (the "*Terix* action") – including documents,
8  written discovery, depositions and expert reports – by Oracle, Terix, West Coast Computer
9  Exchange, Inc., and Sevanna Financial, Inc. is deemed produced for the purposes of this action.
10 The confidentiality designations (and any redesignations) that were made to such discovery
11 material pursuant to the Protective Order in the *Terix* action are deemed made under this Order,
12 except that any discovery material that has been filed in the public record (i.e., not under seal) is
13 no longer considered Confidential or Attorneys' Eyes Only. The rule that "[a]t a hearing or trial,
14 all of part of a deposition may be used against a party on" the condition that "the party was
15 present or represented at the taking of the deposition or had reasonable notice of it" (Fed. R. Civ.
16 Proc. 32(a)(1)(A)) shall have no application to depositions taken in the *Terix* action, which may
17 be used against the parties in this action notwithstanding their absence or lack of representation at
18 the deposition or lack of reasonable notice of it.

19       3.  The parties to this action agree that the production of any discovery material by
20 any non-party shall be subject to and governed by the terms of this Order.

21       4.  The parties and any other persons subject to the terms of this Order agree that the
22 Court shall retain jurisdiction over them for the purpose of enforcing this Order.

23       5.  Within thirty (30) days of termination of this litigation, any appeal, or the
24 expiration of the right to appeal, all originals and copies of any Confidential or Attorneys' Eyes
25 Only information shall either be destroyed or returned to the Producing Party.

26       6.  Nothing in this Order shall prevent any party or other person from seeking
27 modification of this Order or from objecting to discovery that it believes to be otherwise
28 improper.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 3:16-cv-02090-JST
8

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

Dated:  August 23, 2016                    Morgan, Lewis & Bockius LLP


By: _____/s/ Thomas S. Hixson_____
Thomas S. Hixson
Attorneys for Plaintiffs
Oracle America, Inc. and
Oracle International Corporation.


Dated:  August 23, 2016                    Landau Gottfried & Berger LLP


By: _____/s/ Peter Bransten_____
Peter Bransten
Attorneys for Defendants
Bernd Appleby, James Olding, TUSA Inc.,
Ermine IP, Inc.,
And Ermine Services, LLC


Dated:  August 23, 2016                    Hopkins & Carley


By: _____/s/ Monique D. Jewett-Brewster_____
Monique D. Jewett-Brewster
Attorneys for Defendant
Terix Computer Company, Inc.


IT IS SO ORDERED:

DATED: _____August 29__, 2016      By: _____

*IT IS SO ORDERED*
*Judge Jon S. Tigar*
(United States District Court, Northern District of California seal)

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 3:16-cv-02090-JST
9

**ATTESTATION**

I, Thomas S. Hixson, am counsel for Oracle America, Inc. and Oracle International Corporation. I am the registered ECF user whose username and password are being used to file this STIPULATED PROTECTIVE ORDER. In compliance with LR 5-1(i)(3), I hereby attest that the above-identified counsel concurred in this filing.

Dated:  August 23, 2016                Morgan, Lewis & Bockius LLP

                                       By:      /s/ Thomas S. Hixson
                                                Thomas S. Hixson
                                              Attorneys for Plaintiffs
                                              Oracle America, Inc. and
                                           Oracle International Corporation

# EXHIBIT A

I have been given a copy of the Stipulated Protective Order entered in the actions titled *Oracle America, Inc., et al. v. Bernd Appleby, Inc., et al.*, Civil Action No. 3:16-cv-02090-JST, pending in the United States District Court for the Northern District of California.  I have read and understand the terms of the Order.  I understand that unauthorized disclosure of "Confidential" or "Attorneys' Eyes Only" information will constitute a violation of the Order and that the parties reserve the right to seek appropriate redress, including sanctions, from the Court for willful violations thereof.  With full knowledge of the terms and requirements of the Order, I agree to be bound by its terms.  I agree that I shall not disclose to others, except in accordance with the Order, such information or documents, and that such information or documents shall be used only for the purpose of the legal proceeding in which the documents were produced.  I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

I agree to subject myself to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of this Order.

Dated: _____          By: _____

DB2/ 30427627.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case No.: 3:16-cv-02090-JST
11