MORGAN, LEWIS & BOCKIUS LLP
Thomas S. Hixson, Bar No. 193033
thomas.hixson@morganlewis.com
Spencer H. Wan, Bar No. 304329
spencer.wan@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:      +1.415.442.1000
Fax:     +1.415.442.1001

ORACLE CORPORATION
Dorian Daley, Bar No. 129049
dorian.daley@oracle.com
Deborah K. Miller, Bar No. 95527
deborah.miller@oracle.com
500 Oracle Parkway, M/S 5op7
Redwood City, CA  94065
Tel:      +1.650.506.4846
Fax:     +1.650.506.7114

ORACLE CORPORATION
Jeffrey S. Ross, Bar No. 138172
jeff.ross@oracle.com
10 Van de Graaff Drive
Burlington, MA  01803
Tel:      +1.781.744.0449
Fax:     +1.781.238.6273

Attorneys for Plaintiffs
ORACLE AMERICA, INC. and ORACLE
INTERNATIONAL CORPORATION

LANDAU GOTTFRIED & BERGER LLP
PETER M. BRANSTEN (SBN 113352)
pbransten@1gbfirm.com
RACHEL FRANZOIA (SBN 294652)
rfranzoia@lgbfirm.com
1901 Harrison St., Suite 1420
Oakland, California 94612
Telephone: (510) 451-4001
Fax: (310) 557-0056

Attorneys for Defendants BERND
APPLEBY, JAMES OLDING, TUSA
INC., ERMINE IP, INC., AND ERMINE
SERVICES, LLC

HOPKINS & CARLEY
John V. Picone III, SBN 187226
jpicone@hopkinscarley.com
Jennifer S. Coleman, SBN 213210
jcoleman@hopkinscarley.com
Monique D. Jewett-Brewster, SBN 217792
mjb@hopkinscarley.com
A Law Corporation
The Letitia Building
70 S First Street
San Jose, CA 95113-2406

Attorneys for Defendant
TERIX COMPUTER COMPANY, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ORACLE AMERICA, INC., a Delaware
corporation; ORACLE INTERNATIONAL
CORPORATION, a California corporation

        Plaintiffs,

        v.

BERND APPLEBY; JAMES OLDING;
TERIX COMPUTER COMPANY, INC., a
California corporation; TUSA, INC., a
Delaware corporation; ERMINE IP, INC., a
Delaware corporation; and ERMINE
SERVICES, LLC, a Delaware company; and
DOES 1–50,

        Defendants.

Case No.: 3:16-cv-02090-JST

**JOINT CASE MANAGEMENT
CONFERENCE STATEMENT**

Date: September 28, 2016
Time: 2:00 p.m.
Place: Courtroom 9
Judge: Honorable Jon S. Tigar

Plaintiffs Oracle America, Inc., and Oracle International Corporation ("Oracle" or "Plaintiffs") and Defendants Bernd Appleby ("Appleby"), James Olding ("Olding"), TERiX Computer Company, Inc. ("Terix"), TUSA, Inc. ("TUSA"), Ermine IP, Inc. ("Ermine IP"), and Ermine Services, LLC ("Ermine Services") (collectively, "Defendants") jointly submit this Joint Case Management Conference Statement, pursuant to Civil Local Rule 16-10.

## 1. Jurisdiction & Service

This Court has subject matter jurisdiction over Plaintiffs' federal Copyright Act claim under 17 U.S.C. §§ 101 *et seq*., U.S.C. § 1331 and 28 U.S.C. § 1338. This Court has supplemental subject matter jurisdiction over the pendant state law claims under 28 U.S.C. § 1367. Plaintiffs contend that this Court also has ancillary jurisdiction over Plaintiffs' third cause of action. All parties named in Plaintiffs' complaint have been served.

## 2. Facts

### a. Plaintiff Oracle's Statement

Oracle interprets Local Rule 16-10(d) to mean that this CMC statement should only include progress or changes since the last CMC statement (ECF No. 61) was filed. Nonetheless, Oracle includes the entire statement at Defendants' request.

Oracle sued Terix and its affiliates in July 2013 for copyright infringement and related claims. During discovery, the full scope of Terix's copyright infringement – and ultimately, the role that Terix's principals, Appleby and Olding, played in directing it – came to light. Faced with enormous and undisputed liability, Terix settled, and on June 10, 2015, Terix stipulated to judgment against it on Oracle's claims. The federal court judgment required Terix to pay $57,723,000 in damages and contained a permanent injunction against further copyright infringement.

In anticipation of the federal judgment, Appleby and Olding began implementing their fraudulent transfer scheme to try to evade the judgment and settlement by creating TUSA, Ermine IP, and Ermine Services. In February 2016, Appleby and Olding then caused Terix to transfer substantially all of its assets to TUSA, Ermine IP, and Ermine Services, leaving Terix with nothing and stiffing Oracle on the federal judgment the settlement. TUSA, Ermine IP and Ermine

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO
DB2/ 30606212.3

JOINT CASE MANAGEMENT CONFERENCE STATEMENT Case No.: 3:16-cv-02090-JST
1

Services now collectively do business, and earn profits, under the name "Terix," using the former Terix assets. Meanwhile, the Terix entity subject to the federal judgment is penniless and in default on its debt to Oracle.

Oracle filed its First Amended Complaint on June 30, 2016, alleging three claims:

(1)     Copyright Infringement - Vicarious and Contributory Liability (Against Appleby and Olding);

(2)     Alter Ego Liability (Against Appleby and Olding);

(3)     Fraudulent Transfer - Cal. Civil Code § 3439, *et seq.* (against all Defendants);

Though Defendants have not yet answered the Complaint, certain factual issues appear to be in dispute.  These issues include:

- The extent to which Appleby and Olding controlled, directed, intentionally encouraged, induced, or materially contributed to Terix's unlawful copying and distribution of Oracle's copyrighted software;

- The extent to which Appleby and Olding used the Terix Defendants as shell companies without respect for the corporate form to benefit themselves;

- Whether Appleby and Olding fraudulently transferred Terix's assets to TUSA, Inc., Ermine IP, Inc., and Ermine Services, LLC.

### b.     Defendants' Statement

Oracle's claim for copyright infringement against Appleby and Olding is identical to the claim it alleged in its prior action ("Terix I") against Terix, Sevanna, Financial Inc. ("Sevanna"), and West Coast Computer Exchange ("WEX"). Notwithstanding that they vigorously disputed liability, the Terix I defendants stipulated to a judgment providing for a monetary award on Oracle's copyright claim against only themselves and injunctive relief against both themselves and their officers. Appleby and Olding are in privity with at least one of the Terix I judgment debtors and the claim is thus barred under principles of claim preclusion.

There is no unity of interest between Appleby and Olding and any of the Terix I judgment debtors as required for application of the alter ego doctrine. Nor can Oracle establish that it would suffer an inequitable result absent application of the doctrine since, among other things, Oracle was aware of the very facts on which it bases its alter ego claim when it negotiated the stipulated judgment in Terix I. Oracle's alter ego claim is an impermissible end-run around the doctrine of

1  res judicata.

2      An assignment for the benefit of creditors is a well-recognized business liquidation

3  procedure that is an alternative to a chapter 7 bankruptcy proceeding.  Terix made the assignment

4  at issue to the entity known as Terix (assignment for the benefit of creditors) LLC ("Terix

5  ABC")—an entity established and controlled by Sherwood Partners, Inc. ("Sherwood").

6  Defendants had no control over Sherwood, which is a national specialist in assignment for the

7  benefit of creditors proceedings.  The assignment made by Terix to Terix ABC is not actionable

8  as a voidable transfer under California's Uniform Voidable Transfer Act ("UVTA").

9          **3.      Legal Issues in Dispute**

10              **a.      Plaintiff Oracle's Statement**

11  Legal issues presently in dispute between the Parties include:

12  - Whether Oracle may pursue copyright infringement claims based on vicarious and
     contributory liability against Appleby and Olding;

13

14  - Whether Appleby and Olding were the alter egos of the Terix Defendants;

15  - Whether the transfer of Terix's assets violated the California Uniform Voidable
     Transactions Act.

16              **b.      Defendants' Statement**

17  In addition to the issues stated by Oracle, the legal issues in dispute include:

18
19  - Whether Oracle can establish the inequitable result element of its alter ego claim
     based on facts of which it was aware when it negotiated the stipulated judgment.

20  - Whether the assignment for the benefit of creditors made by Terix to Terix ABC is
     actionable under the UVTA as a matter of law.
21

22  - Whether Terix (assignment for the benefit of creditors) LLC is an indispensable
     party regarding Oracle's UVTA claim.

23          **4.      Motions**

24  Defendants filed motions to dismiss on July 28, 2016, and the motions were fully briefed

25  as of August 18, 2016.  The Court heard oral argument on September 1, 2016.

26          **5.      Amendment of Pleadings**

27  Oracle filed its First Amended Complaint on June 30, 2016.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE STATEMENT Case No.: 3:16-cv-02090-JST
3
DB2/ 30606212.3

### 6. Evidence Preservation

The parties certify that they have reviewed the Court's ESI Guidelines and confirm that they have discussed and taken steps to preserve ESI and will continue to do so.

### 7. Disclosures

The parties made their initial disclosures under Rule 26(a) on July 29, 2016.

### 8. Discovery Status

#### a. Discovery Taken To Date

##### (1) Party Discovery

Oracle served its first sets of Requests for Production of Documents on each Defendant on July 15, 2016.  Defendants served their responses on August 17, 2016.  Defendants Appleby, Olding, TUSA, Inc., Ermine IP, Inc., and Ermine Services, LLC have made two initial productions to Oracle as of August 31, 2016.  The parties met and conferred regarding Defendants' responses on September 13, 2016.  Defendants Appleby, Olding, TUSA, Inc., Ermine IP, Inc., and Ermine Services, LLC have agreed to produce additional responsive documents by September 26, 2016.

Defendants Appleby and Olding served their first set of Requests for Production of Documents on August 5, 2016.  Oracle served its responses on September 9, 2016.  Oracle made an initial production of documents on September 16, 2016.

On August 30, 2016, the Court entered the parties' Stipulated Protective Order.

##### (2) Non-Party Discovery

Oracle served document subpoenas on Sherwood Partners and Terix (Assignment for the Benefit of Creditors), LLC on July 20, 2016.  Sherwood made an initial production of documents on September 15, 2016.

##### (3) Oracle's Additional Statement

Defendant Terix Computer Company, Inc. takes the position that it has no responsive documents, having transferred them (along with the rest of its possessions) in the February 17, 2016 general assignment.  Oracle disagrees and reserves its rights on this issue.  Regardless, Defendants have confirmed that all documents that were in Terix's possession immediately

JOINT CASE MANAGEMENT CONFERENCE STATEMENT Case No.: 3:16-cv-02090-JST

before the February 17 general assignment and Asset Purchase Agreement are now in the possession of TUSA, Ermine IP and Ermine Services.

**(4)      Defendants' Additional Statement**

Regarding the topic of "8. <u>Discovery</u>," this Court's form Joint Case Management Statement provides for the identification of, among other things, "any identified discovery disputes." Defendants contend that Oracle's Additional Statement does not describe a pending discovery dispute and is superfluous.

**b.      Rule 26(f)(3)(A): Initial Disclosures**

See Section 7 above.

**c.      Rule 26(f)(3)(B): The Scope Of Anticipated Discovery And When It Should Be Completed**

**(1)      Oracle's Position**

To support its claims, Oracle anticipates discovery regarding Appleby and Olding's control and direction over Terix's infringement, Appleby and Olding's abuse of corporate forms concerning the Terix Defendants, and the transfer of Terix's assets.

Oracle has commenced or anticipates seeking discovery on at least the following topics:
- Appleby and Olding's involvement and control over Terix's operations;
- Payments to Appleby and Olding from Terix;
- Whether the Terix Defendants adhered to corporate formalities;
- Information concerning Defendants' finances, assets and liabilities;
- Formation of TUSA, Ermine IP, and Ermine Services;
- Transfer of Terix's assets including efforts to sell to other parties;
- Defendants' prioritization of payments to Terix's creditors other than Oracle;
- TUSA, Ermine IP and Ermine Service's customer relationships and relationships with other creditors, including whether these Defendants represent that they are merely a continuation of Terix

**(2)      Defendants' Statement**

Defendants' anticipated discovery includes, in addition to certain of the topics listed by Oracle: (i) Oracle's knowledge at the time of the stipulated judgment in Terix I of the facts on which it now bases its claims; (ii) Oracle's knowledge of the marketing of Terix Inc.'s assets for sale prior to the assignment; (iii) the formation and management of Terix ABC by Sherwood

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE STATEMENT Case No.: 3:16-cv-02090-JST
5
DB2/ 30606212.3

Partners, Inc.; and (iv) attempts by Oracle to interfere with the business of Terix, Sevanna and WEX.

### d.     Rule 26(f)(3)(C): Issues About Electronically Stored Information ("ESI")

The parties are currently negotiating the format for the production of ESI.

### e.     Rule 26(f)(3)(D) & (F): Claims Of Privilege Or Protection

The Court entered a protective order on August 30, 2016. ECF No. 72.

The parties have stipulated out of the privilege log requirements stated in *Burlington Northern v. District Court*, 408 F.3d 1142, 1149 (9th Cir. 2005), and therefore agree that the service of a privilege log within 45 days after the production of the associated documents preserves the party's privilege objections. The parties agree that communications with counsel of record related to this litigation or dispute (even if made prior to the filing of the Complaint) need not be logged.

### f.     Rule 26(f)(3)(E): Changes To Discovery Limits

#### (1)     Interrogatories

##### (a)     Oracle's Proposal

Oracle proposes a limit of 25 interrogatories for Plaintiffs collectively and Defendants collectively, rather than 25 per party. Since the Defendants are all owned and controlled by Appleby and Olding, limiting the number of interrogatories for each side is more efficient.

##### (b)     Defendants' Proposal

Oracle's alter ego and fraudulent transfer claims raise factually distinct issues with respect to each of the following respectively: (i) Appleby; (ii) Olding, and (iii) the entity Defendants. For purposes of the number of interrogatories allowed in this case under F.R.C.P. 30(a), Defendants propose that: (i) both of the Oracle plaintiffs be considered one party; (ii) defendant Appleby be considered one party; (iii) defendant Olding be considered one party; and (iv) Terix, TUSA Inc., Ermine IP, Inc., and Ermine Services, LLC be considered one party.

#### (2)     Depositions

The parties disagree on the appropriate limitation on depositions, as explained below.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE STATEMENT Case No.: 3:16-cv-02090-JST
6
DB2/ 30606212.3

However, the parties agree that, per Fed. R. Civ. Proc. 30(a)(2)(A)(i), whichever limitation is adopted should be per side, not per party, i.e., that Plaintiffs collectively and Defendants collectively are each treated as a "party" for the purpose of deposition limits.

### (a)     Oracle's Proposal on Depositions

*Hours-based limits*:  Oracle proposes an hours-based limit on depositions, rather than a numbers-based limit.  Oracle proposes that, in addition, the parties not be limited to one Rule 30(b)(6) notice and that a witness may be called in his or her individual capacity separately even if he or she is designated a Rule 30(b)(6) witness.

Using an hours-based limit provides flexibility to keep depositions short where the deponent's knowledge is limited, or to take a full day of deposition where the witness's knowledge warrants it.  Third-party depositions are particularly likely to take less than a full day.  Setting deposition limits in terms of hours encourages the efficient use of deposition time, and discourages questioning any individual witness longer than necessary.  Oracle proposes 120 total hours of depositions for each side (Plaintiffs collectively and Defendants collectively).

### (b)     Defendants' Proposal

Defendants propose that all current Plaintiffs and all current Defendants be considered one party for purposes of the number of depositions allowed a party under Rule 30(a) without leave of court (*i.e.*, ten).  Defendants do not believe it would be appropriate to otherwise modify the Federal Rules of Civil Procedure.

### 9.     Class Actions

This case is not a class action.

### 10.     Related Cases

The Court issued a Related Case Order on May 4, 2016.  The Order related this case to *Oracle America, Inc. v. Terix Computer Company, Inc.*, Case No. 13-cv-03385-JST.

### 11.     Relief

Oracle seeks injunctive relief, damages to be proven at trial, restitution, punitive damages, prejudgment interest, fees and costs.  Oracle is seeking a judgment that would make Appleby and Olding jointly and severally liable for the $57 million judgment against Terix.  Oracle is also

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

seeking an avoidance of the transfer of Terix's assets to TUSA, Ermine IP, and Ermine Services.

### 12.  Settlement and ADR

On July 15, 2016, the parties jointly filed with the Court a Notice of Need for ADR Phone Conference.  On July 28, 2016 the parties participated in the ADR phone conference.

### 13.  Consent To A Magistrate For All Purposes

After the Court issued the Related Case Order, this case was no longer assigned to a Magistrate Judge.

### 14.  Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15.  Narrowing of Issues

The parties are not presently aware of any issues that can be narrowed by agreement.

### 16.  Expedited Schedule

This case is not suitable for handling under the Expedited Trial Procedure of General Order 64.

### 17.  Scheduling

The parties propose the following schedule:

| | |
|---|---|
| Deadline to amend pleadings and add new parties | 11/16/2016 |
| Close of Fact discovery | 3/3/2017 |
| Expert reports due for issues on which a party bears the burden of proof | 4/7/2017 |
| Rebuttal expert reports due | 5/5/2017 |
| Expert discovery cut-off | 6/9/2017 |
| Dispositive Motion Cut-off | 7/20/2017 |
| Pretrial Conference | 8/9/2017 |
| Trial | 8/28/2017 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE STATEMENT Case No.: 3:16-cv-02090-JST
8
DB2/ 30606212.3

1

### 18.    Trial

2       Oracle has requested a trial by jury.  The parties estimate 10-14 trial days.  Defendants

3   contend that significantly less trial time will be required if Oracle's claim for copyright

4   infringement is not at issue.

5

### 19.    Disclosure Of Non-Party Interested Entities Or Persons

6       Oracle filed its Certification of Interested Entities or Persons pursuant to Fed R. Civ. P.

7   7.1 and Civil Local Rule 3-16 on April 20, 2016.  Dkt. 2.  Defendants filed their certification on

8   May 18, 2016.  Dkt. 27.

9

### 20.    Other

10      Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the parties consent to service by

11  email on counsel of record where service is required (i.e., unless service is unnecessary because

12  filing with the Court's ECF system already accomplishes service) on condition that the title of the

13  document or an abbreviation thereof is included in the subject line of the email. The parties agree

14  that Fed. R. Civ. Proc. 6 applies to email service and the parties will be given the additional three

15  days to respond.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE STATEMENT Case No.: 3:16-cv-02090-JST
9
DB2/ 30606212.3

1
2

Dated: September 19, 2016                              MORGAN, LEWIS & BOCKIUS LLP
                                                       Thomas S. Hixson
                                                       Spencer H. Wan

3

4                                                      By:  /s/ Thomas S. Hixson
                                                       Thomas S. Hixson
5                                                      Attorneys for Plaintiffs
                                                       Oracle America, Inc. and Oracle
6                                                      International Corporation

7

8        Dated: September 19, 2016                     LANDAU GOTTFRIED & BERGER LLP
                                                       Peter M. Bransten

9

10                                                     By:  /s/ Peter Bransten
                                                       Peter Bransten
11                                                     Attorneys for Defendants Bernd Appleby,
                                                       James Olding, TUSA Inc., Ermine IP, Inc.,
12                                                     And Ermine Services, LLC

13

14       Dated: September 19, 2016                     HOPKINS & CARLEY
                                                       Monique D. Jewett-Brewster

15

16                                                     By:  /s/ Monique D. Jewett-Brewster
                                                       Monique D. Jewett-Brewster
17                                                     Attorneys for Defendant
                                                       Terix Computer Company, Inc.

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE STATEMENT Case No.: 3:16-cv-02090-JST
10
DB2/ 30606212.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION**

I, Thomas S. Hixson, am counsel for Oracle America, Inc. and Oracle International Corporation.  I am the registered ECF user whose username and password are being used to file this Stipulation. In compliance with LR 5-1(i)(3), I hereby attest that the above-identified counsel concurred in this filing.

Dated: September 19, 2016                          MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Thomas Hixson_____

Thomas S. Hixson
Attorneys for Plaintiffs
Oracle America, Inc. and Oracle International
Corporation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT CONFERENCE STATEMENT Case No.: 3:16-cv-02090-JST
11
DB2/ 30606212.3